IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GEORGE WASHINGTON DAVIS, III,
    Petitioner,

v.                                                                               Civil No. 3:22cv188 (DJN)

JOHN A. WOODSON,
    Respondent.

## MEMORANDUM OPINION

George Washington Davis, Jr., a Virginia inmate proceeding *pro se*, submitted this 28 U.S.C. § 2254 Petition. (ECF No. 1.) Davis challenges his 2002 conviction for aggravated sexual battery, indecent liberties, and forcible sodomy in the Circuit Court for the City of Williamsburg, Virginia. The Court previously denied a 28 U.S.C. § 2254 petition by Davis challenging the above conviction. *Davis v. Johnson*, No. 3:06cv108–HEH (E.D. Va. Mar. 28, 2007). For the reasons set forth below, the action will be DISMISSED for lack of jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. A certificate of appealability will be DENIED.[1]

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Davis.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: April 27, 2022

---

[1] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893-94 (1983)). Davis fails to meet this standard.